**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia Lynne Thomas, | No. CV-23-01471-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| HonorHealth dba HonorHealth Scottsdale Osborn Medical Center, et. al., | |
| Defendants. | |

Pending before the Court is Defendant Southwestern Eye Center, LLC's ("SWEC") Amended Motion to Dismiss (Doc. 39). Plaintiff, Sylvia Lynne Thomas, filed a response (Doc. 92) and Defendant filed a reply (Doc. 97). The Court has considered the pleadings and relevant case law and will grant the Motion.

## I.    BACKGROUND

This Motion stems from what Plaintiff alleges was healthcare and/or financial misconduct by several healthcare providers and institutions. (Doc. 1 at 10.) At issue here is Plaintiff's claims against Defendant SWEC. Although the Complaint is not entirely clear, it appears that Plaintiff alleges that a SWEC provider fell below the standard of care during one of her appointments. (*Id.* at 35 ¶¶ 77(a); 38 ¶ 85; 50 ¶ 134.) Specifically, Plaintiff alleges that during one of her January 2020 procedures, SWEC caused a "retinal macula injury" and perforated retina, and that she learned about her injury in March 2021. (*Id.* at 35 ¶ 77(a);45 ¶ 108.) Plaintiff further alleges that SWEC concealed the injury, but that she nonetheless discovered it. (*Id.* at ¶ 77.) She claims SWEC billed her for this

1   procedure and related services.  (*Id.* at 61 ¶ 178.)  Plaintiff contends that this medical

2   negligence is "inextricably linked" to her intentional infliction of emotional distress

3   ("IIED") and conspiracy claims, and that these actions were part of an intentional

4   discriminatory scheme between SWEC and the other named providers to prevent her from

5   pursuing a writ of certiorari to the United States Supreme Court for a review of the

6   dismissal of her antitrust lawsuit against the Arizona State Bar.  (*Id.* at 14; 16 ¶¶ 29–30;

7   32¶ 69; 39 ¶ 86;65 ¶ 200.)

8          Plaintiff alleges that because of the Defendants'—including SWEC—she

9   experienced several serious health ailments and was unable to engage in "global trade

10   commerce opportunities."  (*Id.* at 63 ¶¶ 186–187.)  Based on these actions Plaintiff brings

11   eight claims[1] against SWEC: "res ipsa loquitur" (Count 1); negligence (Count 2); negligent

12   supervision (Count 3); "intentional abandonment" (Count 4); violations of federal

13   regulations health insurance regulations (Count 5); antitrust violations (Count 7);

14   conspiracy to violate civil rights (Count 8); and intentional infliction of emotional distress

15   ("IIED") (Count 9).

16   **II.    LEGAL STANDARD**

17          To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

18   the requirements of Rule 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the

19   claim showing that the pleader is entitled to relief," so that the defendant has "fair notice

20   of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

21   550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  This

22   requirement is met if the pleader sets forth "factual content that allows the court to draw

23   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*

24   *v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of

25   action, supported by mere conclusory statements, do not suffice." *Id.*  Plausibility does not

26   equal "probability," but requires "more than a sheer possibility that a defendant has acted

27   unlawfully." *Id.*  A dismissal under Rule 12(b)(6) for failure to state a claim can be based

28

---

[1] The Complaint does not identify "Count 6."

on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

## III.    DISCUSSION

Defendant SWEC moves to dismiss counts one, two, three, four, eight, and nine because Plaintiffs' claims are outside Arizona's respective statute of limitations. (Doc. 39 at 3.) SWEC moves to dismiss Count five for lack of standing and count seven for lack of subject matter jurisdiction. (*Id.* at 4–6.) The Court will walk through each of these arguments in turn.

### A.  Counts One, Two, Three, Four, Eight, and Nine

Plaintiff brings four claims all asserting various negligence claims against SWEC: "res ipsa loquitor" (Count 1); negligence (Count 2); negligent supervision (Count 3);

- 3 -

1    intentional abandonment (Count 4); and intentional infliction of emotional distress (Count

2    9).  SWEC argues these claims should each be dismissed because they are outside of

3    Arizona's two-year statute of limitations period for medical malpractice claims.  (Doc. 39

4    at 3.)

5        Under Arizona law "there shall be commenced and prosecuted within two years

6    after the cause of action accrues, and not afterward . . . injuries done to the person of

7    another including causes of action for medical malpractice . . . ."  Ariz. Rev. Stat. § 12-

8    542(1).  A cause of action begins accruing when the plaintiff knew or reasonably should

9    have known that the malpractice and subsequent injury occurred.  *See Lawhon v. L.B.J.*

10   *Institutional Supply, Inc.*,765 P.2d 1003, 1007 (Ariz. Ct. App. 1988) ("[A] cause of action

11   'accrues' when the plaintiff discovers or by the exercise of reasonable diligence should

12   have discovered that he or she has been injured by a particular defendant's negligent

13   conduct.")  Essentially, the period begins running once a plaintiff "knows or should have

14   known of both the *what* and *who* elements of causation."  *Id.*  Plaintiff need not know about

15   the full extent of injuries for the clock to start ticking.  *See Kaufman v. Jesser*, 884 F. Supp.

16   2d 943,957 (D. Ariz. 2012).

17       Here, Plaintiff alleges SWEC was negligent and perforated Plaintiff's retina in

18   January of 2020, and that they concealed this negligence.  In her Complaint she states that

19   she identified the alleged negligence in March 2021.  (Doc. 1 at 35 ¶ 77(a);45 ¶ 108.)  As

20   Defendant notes, this is when her claim of action began accruing, and the statute of

21   limitations began running.  (Doc. 39 at 4.)  Plaintiff concedes the statute of limitations

22   period but appears to argue that it should be tolled because she had not discovered that

23   perforation would lead to additional damages from an infection until later.  (Doc. 92 at 14.)

24   This does not alter the Court's application of the limitations period. As previously noted,

25   "[t]he discovery rule does not hold the statute of limitations in abeyance until an injured

26   party is aware of the full extent of his or her damages."  *Ryba v. Town of Marana*, No.

27   4:16-CV-780-CKJ, 2017 WL 11249578, at *3 (D. Ariz. June 22, 2017).  That said, even if

28   this "discovery rule" did apply, it only protects from when plaintiff had "at least a

1    minimum requisite knowledge sufficient to identify that a wrong occurred and caused
2    injury." *Id.* (cleaned up).

3         Despite Plaintiff's arguments that Defendant actively concealed the injury leading
4    to a late discovery, as Defendant notes in its reply brief, these claims are unsupported by
5    facts specific to SWEC. *Id.* Further, a Plaintiff does not "need not know all the facts
6    underlying a cause of action to trigger accrual." *Doe v. Roe*, 955 P.2d 951, 961 (Ariz.
7    1998). Although the Complaint is generally unclear especially as to SWEC, it is clear that
8    Plaintiff alleges that she discovered the alleged macular perforation in March 2021. (Doc.
9    1 at 35 ¶ 77(a); 36 ¶ 85.) Plaintiff filed her Complaint in July 2023 which is approximately
10   four months past the two-year limitations period. (Doc. 1.) Because these claims were all
11   filed outside of the limitations period, they must be dismissed.

12        Plaintiff also brings a claim for conspiracy to interfere with civil rights under 42
13   U.S.C. § 1985 (count eight). (Doc. 1 at 65.) Although it is unclear exactly what Plaintiff
14   is alleging, it appears she is alleging that all the Defendants acted in concert through
15   medical negligence to injure her, thus depriving her of certain civil rights protected by
16   statute. (Doc. 1 at 65 ¶¶ 200–66.) Like with the malpractice claims, Defendant argues this
17   claim should also be dismissed as it was filed outside Arizona's applicable two-year statute
18   of limitations. (Doc. 39 at 3.) *See e.g.,* Ariz. Rev. Stat. § 12-542. The Court agrees.
19   *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673 (9th Cir. 1991) (finding that like section
20   1981 and 1983 claims, section 1985 claims are also subject to the applicable statute of
21   limitations for state personal injury claims).

22        Accordingly, as counts one through four and counts eight and nine are outside the
23   statute of limitations, the Court will dismiss these claims with prejudice.

24       **B.  Count Five**

25        Plaintiff also brings claim(s) against SWEC for violation of various health insurance
26   regulations outlined in 42 U.S.C. § 300gg. Plaintiff alleges that "there is a clear indication
27   of legislative intent, explicit or implicit, either to create a private right of action remedy
28   under each statute." (Doc. 1 at 58 ¶ 166.) Alternatively, Defendant argues this claim should

1  be dismissed because there is no private right of action under these regulations.  (Doc. 39

2  at 4.)  The Court agrees.  Two circuits have already recognized that there is no private right

3  of action for enforcement of the two subsections of § 300gg Plaintiff attempts to utilize

4  here.  *See Grossman v. Directors Guild of Am., Inc.*, No. EDCV 16-1840-GW(SPX), 2017

5  WL 5665024, at *8 (C.D. Cal. Mar. 6, 2017) (finding no private right of action to enforce

6  § 300gg–19); *Haller v. U.S. Dept. of Health and Human Services*, No. 22-3054, 2024 WL

7  290440, at *1 n.1 (2d Cir. Jan. 23, 2024) (finding that the district Court correctly

8  determined providers had no private right of action under § 300gg-111).

9         Additionally, Plaintiff failed to address why this claim should not be dismissed in

10  her response, which constitutes waiver of this claim.  *See Green v. Ariz. Bd. of Regents*,

11  No. CV-18-04665-PHX-SPL, 2020 WL 2512759, at *4 (D. Ariz. May 15, 2020) ("Failure

12  to respond to an argument set forth in a motion to dismiss constitutes waiver of the issue

13  by the party opposing the motion and is an adequate basis for granting the motion to

14  dismiss.").  Further, even if Plaintiff had addressed this claim in her response, she fails to

15  plead any facts specific to SWEC as to this claim.  Accordingly, the Court will dismiss

16  Count five with prejudice.

17         **C.  Count Seven**

18         Finally, in Count seven Plaintiff alleges "antitrust constitutional violations."  (Doc.

19  1 at 64.)  Specifically, Plaintiff alleges the Defendants worked in concert to violate the

20  Sherman Antitrust Act, 15 U.S.C. § 1-2, the Clayton Antitrust Act, 15 U.S.C. § 12-27, and

21  both the Commerce Clause and the Supremacy Clause of the Constitution.  (Doc. 1 at 64.)

22  Although never clearly stated, she appears to argue that the Defendants through their

23  medical negligence intentionally formed a conspiracy to prevent her from practicing law

24  and having her claims against the Arizona Bar Association for their alleged wrongful

25  suspension of her license to practice law heard before the United States Supreme Court.

26  (Doc. 1 at 8 ¶ 10; 34 ¶ 76; 39 ¶ 86;64.)

27         Defendant argues that this argument is so frivolous that the Court does not have

28  subject matter jurisdiction over it.  (Doc. 39 at 5.)  The United States Supreme Court has

1  noted that "federal courts are without power to entertain claims otherwise with their

2  jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,'

3  'wholly insubstantial,' [or] 'obviously frivolous.'" *Hagans v. Lavine*, 415 U.S. 528, 536–

4  37 (1974) (collecting cases).  Accordingly, Defendant argues the Court should dismiss

5  Count seven as it does not actually raise a serious federal question as required for this Court

6  to have jurisdiction.  (Doc. 39 at 6.)

7        The Court need not even go this far to dismiss Plaintiff's Complaint.  Despite

8  Plaintiff's contention, even if taken as true, she fails to allege facts supporting that SWEC

9  "gravely suppressed the Plaintiff's USMCA-NAFTA Appendix 1603.D.1 global niche

10  market competitive advantage" or "create[d] and institutionalize[d] a sub moral (single)

11  angry Black female without prioritized humility imagery characterization of the Plaintiff

12  to intimidate her familial witnesses," or "invidiously worked unjustified governmental

13  retaliation" or "usurped and rebranded the Plaintiff's . . . innovation activity as a public

14  program" (Doc. 92 at 5–7.)  In fact, the only facts specific to SWEC are: (1) that they are

15  a healthcare provider; (2) SWEC staff performed a an epiretinal membrane vitrectomy on

16  Plaintiff's right eye and a vitreous tap to relieve pressure in Plaintiff's right eye; (3) that an

17  SWEC employee joked with Plaintiff about her next appointment being a "date"; (4) that

18  her care with them ended in April 2020; (5) that she was billed for these services; (6) and

19  that SWEC allegedly perforated her retina and concealed this injury.  (*See generally* Doc.

20  1.)  None of these facts, even taken as true, implicate any of the federal antitrust law laws,

21  let alone violations, that Plaintiff alleges.

22      **D.  Leave to Amend**

23        Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n]

24  when justice so requires."  Leave to amend should not be denied unless, "the proposed

25  amendment either lacks merit or would not serve any purpose because to grant it would be

26  futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d

27  458, 459 (9th Cir. 1986).  Therefore, "a district court should grant leave to amend even if

28  no request to amend the pleading was made, unless it determines that the pleading could

not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up).  Here, the allegation of other facts will not cure the counts one, two, three, four, eight, and nine because they are outside the applicable statute of limitations.  Similarly, no additional facts will cure count five.  Count seven is also incurable as Plaintiff has not, and cannot, allege facts sufficient to implicate the aforementioned antitrust laws.  The only concrete harm Plaintiff alleges Defendant SWEC engaged in is purely related to its alleged medical negligence.  No amount of amendment will be able to link this alleged act to a conspiracy to violate antitrust laws or keep her from practicing law.

## IV.    CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED granting** Defendant's Motion to Dismiss (Doc. 39). Counts one, two, three, four, five, seven, eight, and nine will be dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the clerk of the court to enter judgment in accordance with this Order, and dismiss defendant Southwestern Eye Center, LLC from the case.

Dated this 1st day of July, 2024.

Honorable Susan M. Brnovich
United States District Judge