**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia Lynne Thomas, | No. CV-23-01471-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| HonorHealth dba HonorHealth Scottsdale Osborn Medical Center, et. al., | |
| Defendants. | |

Pending before the Court is Defendants Affiliated Hospitalists, PLC; Pulmonary Clinics Scottsdale, PLLC; Cardiovascular Institute of Scottsdale; and Arizona Oncology Associates' Motion to Dismiss (Doc. 67). Plaintiff, Sylvia Lynne Thomas, filed a response (Doc. 81) to which Defendants filed a reply (Doc. 83). The Court has considered the pleadings and relevant case law and will grant the Motion.

**I.      BACKGROUND**

This Motion stems from what Plaintiff alleges was healthcare and financial misconduct by several healthcare providers and institutions. (Doc. 1 at 10.) At issue here is Plaintiff's claims against Defendants Affiliated Hospitalists, PLC; Pulmonary Clinics Scottsdale, PLLC; Cardiovascular Institute of Scottsdale; and Arizona Oncology Associates (collectively "Defendants").

There are very few facts specific to individual Defendants in the Complaint. However, it appears that Plaintiff alleges that Defendants treated her in July 2020 for pulmonary and oncology related services. (Doc. 1 at 40–41 ¶¶ 89–91.) She alleges that

these Defendants sent her "financially oppressive" medial bills, which she should not have to pay. (*Id.* at 41 ¶¶ 91–93.) She alleges that this was intentional discrimination based on her "race, color, religion, age, sex, gender, civil status, disability or national origin." (*Id.* at 59–62 ¶¶ 172–185.) Plaintiff contends that these actions are "inextricably linked" to her intentional infliction of emotional distress ("IIED") and conspiracy claims, and they were part of an intentional discriminatory scheme between Affiliated Hospitalists, PLC; Pulmonary Clinics Scottsdale, PLLC; Cardiovascular Institute of Scottsdale; Arizona Oncology Associates; and the other named providers to prevent her from pursuing a writ of certiorari to the United States Supreme Court for a review of the dismissal of her antitrust lawsuit against the Arizona State Bar. (*Id.* at 23 ¶ 14, 16 ¶¶ 29–30, 32¶ 69, 39 ¶ 86, 65 ¶ 200.)

Plaintiff alleges that because of the Defendants she was unable to engage in "global trade commerce opportunities." (*Id.* at 62–63 ¶¶ 186–187.) Plaintiff brought a total of eight claims against different combinations of Defendants. Plaintiff does not bring Count 1, (res ipsa), or Count 2, (negligence) against the Defendants bringing in this Motion. (*Id.* at 45–51 ¶¶ 106–137.) However, based on their actions Plaintiff brings six claims[1] against the Defendants here: "negligent supervision" (Count 3); "intentional abandonment" (Count 4); violations of federal regulations health insurance regulations (Count 5); antitrust violations (Count 7); "conspiracy to violate civil rights" (Count 8); and intentional infliction of emotional distress ("IIED") (Count 9).

II.     **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requirement is met if the pleader sets forth "factual content that allows the court to draw

---

[1] The Complaint does not identify "Count 6."

1   the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*
2   *v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of
3   action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not
4   equal "probability," but requires "more than a sheer possibility that a defendant has acted
5   unlawfully." *Id.* A dismissal under Rule 12(b)(6) for failure to state a claim can be based
6   on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a
7   cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
8   1988). A complaint that sets forth a cognizable legal theory will survive a motion to
9   dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to
10  relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at
11  570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's
12  liability, it 'stops short of the line between possibility and plausibility of 'entitlement to
13  relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

14  In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are
15  taken as true and construed in the light most favorable to the nonmoving party. *Cousins v.*
16  *Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as
17  factual allegations are not given a presumption of truthfulness, and "conclusory allegations
18  of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto*
19  *v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence
20  outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v.*
21  *Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—
22  documents attached to the complaint, documents incorporated by reference in the
23  complaint, or matters of judicial notice—without converting the motion to dismiss into a
24  motion for summary judgment." *Id.* at 908.

## III.   DISCUSSION

26  Defendants moves to dismiss counts three, four, eight[2], and nine because Plaintiff's
27  claims are outside Arizona's respective statute of limitations. (Doc. 67 at 3.) Defendants

---

[2] Defendants also move to dismiss Count 8 for failure to state a claim, however, because the Court finds it time barred it will not address the underlying merits of the claim here.

moves to dismiss Count five for lack of standing and count seven for lack of subject matter jurisdiction. (*Id.* at 4–6.) The Court will walk through each of these arguments in turn.

### A. Counts Three, Four, Eight, and Nine

Relevant here, Plaintiff brings two claims asserting various negligence claims against Defendants: "negligent supervision" (Count 3); "intentional abandonment" (Count 4); and "intentional infliction of emotional distress" ("IIED") (Count 9). Defendants argue these claims should each be dismissed because they are outside of Arizona's two-year statute of limitations period for medical malpractice claims. (Doc. 67 at 3.)

Under Arizona law "there shall be commenced and prosecuted within two years after the cause of action accrues, and not afterward . . . injuries done to the person of another including causes of action for medical malpractice." Ariz. Rev. Stat. § 12-542(1). A cause of action begins accruing when the plaintiff knew or reasonably should have known that the malpractice and subsequent injury occurred. *See Lawhon v. L.B.J. Institutional Supply, Inc.*, 765 P.2d 1003, 1007 (Ariz. Ct. App. 1988) ("[A] cause of action 'accrues' when the plaintiff discovers or by the exercise of reasonable diligence should have discovered that he or she has been injured by a *particular* defendant's negligent conduct."). Essentially, the period begins running once a plaintiff "knows or should have known of both the *what* and *who* elements of causation." *Id.* Plaintiff need not know about the full extent of injuries for the clock to start ticking. *See Kaufman v. Jesser*, 884 F. Supp. 2d 943, 957 (D. Ariz. 2012).

Here, Plaintiff appears to allege that Defendants improperly supervised an unnamed individual Defendant in providing her medical care between January and July 2020. (Doc. 1 at 51 ¶ 139; 54 ¶ 142.) As Defendant notes, the last date of treatment is when her cause of action began accruing, and the statute of limitations started to run. (Doc. 67 at 4.) As related to Defendants here, her accrual would have begun running in July 2020 when they assigned her specialists, removed her from the hospital after she refused to leave, and would not provide her with outpatient treatment. (Doc. 1 at 51 ¶ 139, 54 ¶ 142–143.) Plaintiff does not rebut these treatment dates, nor does she make specific rebuttal

arguments related to the Defendants here.  As Defendant notes, Plaintiff's previous tolling arguments related to Defendant Southwestern Eye Center failed and do not rollover to the Defendants here.  (Doc. 67 at 3.)  Plaintiff filed her Complaint in July 2023 which is approximately one year after the statute of limitations period.  (Doc. 1.)  Because these claims were all filed outside of the limitations period, they must be dismissed.

Plaintiff also brings a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985 (count eight).  (Doc. 1 at 65.)  Although it is unclear exactly what Plaintiff is alleging, it appears she alleges that all the Defendants acted in concert through medical negligence to injure her, thus depriving her of certain civil rights protected by statute.  (Doc. 1 at 65 ¶¶ 200–66.)  Like with the malpractice claims, Defendant argues this claim should also be dismissed as it was filed outside Arizona's applicable two-year statute of limitations.  (Doc. 67 at 3.)  *See e.g.*, Ariz. Rev. Stat. § 12-542.  The Court agrees.  *McDougal v. Cnty. of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991) (finding that like section 1981 and 1983 claims, section 1985 claims are also subject to the applicable statute of limitations for state personal injury claims).

Accordingly, as three, four, eight and nine are outside the statute of limitations, the Court will dismiss these claims with prejudice.

### B. Count Five

Plaintiff also brings claim(s) against Defendants for violation of various health insurance regulations outlined in 42 U.S.C. §§ 300gg-19a(b), 300gg-111.  Plaintiff alleges that "there is a clear indication of legislative intent, explicit or implicit, either to create a private right of action remedy under each statute."  (Doc. 1 at 58 ¶ 166.)  Defendant argues this claim should be dismissed because there is no private right of action under these regulations.  (Doc. 67 at 4.)  The Court agrees.  Two circuits have already recognized that there is no private right of action for enforcement of the two subsections, §§ 300gg-19a(b), 300gg-111, Plaintiff attempts to utilize here.  *See Grossman v. Directors Guild of Am., Inc.*, No. EDCV 16-1840-GW(SPX), 2017 WL 5665024, at *8 (C.D. Cal. Mar. 6, 2017) (finding no private right of action to enforce § 300gg-19); *Haller v. U.S. Dept. of Health and Human*

*Services*, No. 22-3054, 2024 WL 290440, at *1 n.1 (2d Cir. Jan. 23, 2024) (finding that the district court correctly determined providers had no private right of action under § 300gg-111).

Additionally, Plaintiff failed to address why this claim should not be dismissed in her response, which constitutes waiver of this claim. *See Green v. Ariz. Bd. of Regents*, No. CV-18-04665-PHX-SPL, 2020 WL 2512759, at *4 (D. Ariz. May 15, 2020) ("Failure to respond to an argument set forth in a motion to dismiss constitutes waiver of the issue by the party opposing the motion and is an adequate basis for granting the motion to dismiss."). Further, even if Plaintiff had addressed this claim in her response, she fails to plead any facts specific to Defendants for this claim. Accordingly, the Court will dismiss Count five with prejudice.

### C. Count Seven

Finally, in Count seven Plaintiff alleges "antitrust constitutional violations." (Doc. 1 at 64.) Specifically, Plaintiff alleges the Defendants worked in concert to violate the Sherman Antitrust Act, 15 U.S.C. § 1-2, the Clayton Antitrust Act, 15 U.S.C. § 12-27, and both the Commerce Clause and the Supremacy Clause of the Constitution. (Doc. 1 at 64.) Although never clearly stated, she appears to argue that the Defendants intentionally formed a conspiracy to prevent her from practicing law and from having her claims against the Arizona Bar Association for its alleged wrongful suspension of her license to practice law heard before the United States Supreme Court. (Doc. 1 at 8 ¶ 10; 34 ¶ 76; 39 ¶ 86;64.)

Defendant contends that this argument is so frivolous that it fails to state a federal claim that this Court can even entertain. (Doc. 67 at 5.) The United States Supreme Court has noted that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' [or] 'obviously frivolous.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (collecting cases). The Court need not even go as far as to find there is no jurisdiction to hear the claim, however, because even if taken as true, Plaintiff fails to allege facts supporting any conspiracy allegations. Accordingly, the Court will dismiss Count

Seven with prejudice.

### D. Leave to Amend

Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] when justice so requires." Leave to amend should not be denied unless, "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). Here, the allegation of other facts will not cure the counts three, four, eight, and nine because they are outside the applicable statute of limitations. Similarly, no additional facts will cure count five. Count seven is also incurable as Plaintiff has not, and cannot, allege facts sufficient to implicate the aforementioned antitrust laws. No amount of amendment will be able to link Defendants' actions in her medical treatment to a conspiracy to violate antitrust laws or keep her from practicing law.

## IV. CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED granting** Defendants' Joint Motion to Dismiss (Doc. 67). Counts three, four, five, seven, eight, and nine will be dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the clerk of the court to enter judgment in accordance with this Order, and dismiss defendants Affiliated Hospitalists, PLC; Pulmonary Clinics Scottsdale, PLLC; Cardiovascular Institute of Scottsdale and Arizona Oncology Associates from this case.

Dated this 21st day of August, 2024.

Honorable Susan M. Brnovich
United States District Judge