WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sylvia Lynne Thomas, | No. CV-23-01471-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Neurology Consultants of Arizona dba Neurology Consultants of Arizona Scottsdale Osborn Medical Center, et. al., | |
| Defendants. | |

Pending before the Court is Defendant Neurology Consultants of Arizona's Motion to Dismiss (Doc. 68). Plaintiff, Sylvia Lynne Thomas, filed a response (Doc. 80) to which Defendant filed a reply (Doc. 95). The Court has considered the pleadings and relevant case law and will grant the Motion.

**I.  BACKGROUND**

This Motion stems from what Plaintiff alleges was healthcare and financial misconduct by several healthcare providers and institutions. (Doc. 1 at 10.) At issue here is Plaintiff's claims against Defendant Neurology Consultants of Arizona ("NC").

There are very few facts specific to NC in the Complaint. However, it appears that Plaintiff alleges that she was treated by NC providers at an HonorHealth facility in July 2020. (Doc. 1 at 12 ¶ 19.) Plaintiff alleges that all defendants, not just NC, sent her medical bills, which she should not have to pay. (*Id.* at 41 ¶¶ 91–93.) She alleges that this was intentional discrimination based on her "race, color, religion, age, sex, gender, civil status, disability or national origin." (*Id.* at 59–62 ¶¶ 172–185.) Plaintiff contends that these

actions are "inextricably linked" to her intentional infliction of emotional distress ("IIED") and conspiracy claims, and they were part of an intentional discriminatory scheme between NC and the other named providers to prevent her from pursuing a writ of certiorari to the United States Supreme Court for a review of the dismissal of her antitrust lawsuit against the Arizona State Bar. (*Id.* at 14 ¶ 23, 16 ¶¶ 29–30, 32¶ 69, 39 ¶ 86, 65 ¶ 200.)

Plaintiff alleges that because of the Defendants, including NC, she was unable to engage in "global trade commerce opportunities." (*Id.* at 62–63 ¶¶ 186–187.) Plaintiff brought a total of eight claims against different combinations of Defendants. Plaintiff does not bring Count 1 (res ipsa) against NC. (*Id.* at 45–51 ¶¶ 106–137.) However, based on their actions Plaintiff brings seven claims[1] against the Defendant here: negligence (Count 2); "negligent supervision" (Count 3); "intentional abandonment" (Count 4); violations of federal regulations health insurance regulations (Count 5); antitrust violations (Count 7); "conspiracy to violate civil rights" (Count 8); and intentional infliction of emotional distress ("IIED") (Count 9).

## II.     LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requirement is met if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a

---

[1] The Complaint does not identify "Count 6."

cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" (cleaned up) (quoting Twombly, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III.   DISCUSSION

Plaintiff brings three claims against NC asserting various negligence claims: negligent supervision (Count 3); intentional abandonment (Count 4); and intentional infliction of emotional distress (Count 9). Plaintiff also brings claims for violation of various health insurance regulations outlined in 42 U.S.C. §§ 300gg-19a(b), 300gg-111 (Count 5), a claim for antitrust constitutional violations (Count 7) (Doc. 1 at 64.), and a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985 (Count eight). (Doc. 1 at 65.). Defendant NC moves to dismiss all counts for failing to be anything more than speculative. (Doc. 68 at 1.) The Court agrees.

As to the negligence claims (Count 3, 4, and 9) Plaintiff appears to allege that NC,

along with others, "refused to honor Patient Thomas's discharge summary instructed medically necessary post-operative outpatient follow-up care and treatment; and began inundating her with third-party medical bills for her inpatient medical care . . . ." (Doc. 1 at 12 ¶ 19.) Plaintiff further alleges that NC, along with others, "avoided Patient Thomas's room; and further altogether distanced themselves from Thomas's inpatient post-operative recovery, stabilization and HonorHealth discharge instructed outpatient follow-up, care and treatment. (*Id.* at 42–43 ¶ 98.) Neither of these statements are enough to satisfy the pleading standard to sustain any of her negligence-based claims. *See Twombly*, 550 U.S. at 557. Accordingly, Counts three, four, and nine will be dismissed with prejudice.

Plaintiff also brings claim(s) against NC for violation of various health insurance regulations outlined in 42 U.S.C. §§ 300gg-19a(b), 300gg-111 (Count 5). Plaintiff alleges that "there is a clear indication of legislative intent, explicit or implicit, either to create a private right of action remedy under each statute." (Doc. 1 at 58 ¶ 166.) Although not argued by the NC Defendant, this claim should be dismissed because there is no private right of action under these regulations. Two circuits have already recognized that there is no private right of action for enforcement of the two subsections, §§ 300gg-19a(b), 300gg-111, Plaintiff attempts to utilize here. See *Grossman v. Directors Guild of Am., Inc.*, No. EDCV 16-1840-GW(SPX), 2017 WL 5665024, at *8 (C.D. Cal. Mar. 6, 2017) (finding no private right of action to enforce § 300gg-19); *Haller v. U.S. Dep't of Health and Human Services*, No. 22-3054, 2024 WL 290440, at *1 n.1 (2d Cir. Jan. 23, 2024) (finding that the district court correctly determined providers had no private right of action under § 300gg-111).

Additionally, Plaintiff apparently failed to address why this claim should not be dismissed in her response, which constitutes waiver of this claim. See *Green v. Ariz. Bd. of Regents*, No. CV-18-04665-PHX-SPL, 2020 WL 2512759, at *4 (D. Ariz. May 15, 2020) ("Failure to respond to an argument set forth in a motion to dismiss constitutes waiver of the issue by the party opposing the motion and is an adequate basis for granting the motion to dismiss."). Further, even if Plaintiff had addressed this claim in her response,

she fails to plead any facts specific to NC for this claim. Accordingly, the Court will dismiss Count five with prejudice.

In Count seven Plaintiff alleges "Antitrust Constitutional Violations." (Doc. 1 at 64.) Specifically, Plaintiff alleges the Defendants worked in concert to violate the Sherman Antitrust Act, 15 U.S.C. §§ 1–2, the Clayton Antitrust Act, 15 U.S.C. §§ 12–27, and both the Commerce Clause and the Supremacy Clause of the Constitution. (Doc. 1 at 64.) Although never clearly stated, she appears to argue that the NC intentionally formed a conspiracy alongside the other named Defendants to prevent her from practicing law and from having her claims against the Arizona Bar Association for its alleged wrongful suspension of her license to practice law heard before the United States Supreme Court. (Doc. 1 at 8 ¶ 10; 34 ¶ 76; 39 ¶ 86; 64.) In Count eight Plaintiff also brings a claim for conspiracy to interfere with civil rights under 42 U.S.C. § 1985. (Doc. 1 at 65.) Although it is unclear exactly what Plaintiff is alleging, it appears she is alleging that all Defendants acted in concert through medical negligence to injure her, thus depriving her of certain civil rights protected by statute. (Doc. 1 at 65–67 ¶¶ 200–06.)

Defendant argues that Plaintiff fails to state a claim for both counts because her allegations are "no 'more than labels and conclusions.'" (Doc. 68 at 4.) The Court agrees. Nothing in Plaintiff's Complaint sustains any antitrust claims, or civil rights violations. Federal courts are without power to entertain claims "if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' 'wholly insubstantial,' [or] 'obviously frivolous.'" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (collecting cases). That is what the claims here are, attenuated and devoid of merit. Accordingly, the Court will dismiss Count Seven and Count Eight with prejudice.

### A. Leave to Amend

Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] when justice so requires." Leave to amend should not be denied unless, "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d

458, 459 (9th Cir. 1986). Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). Here, the allegation of other facts will not cure any of her claims because Plaintiff has not and cannot, allege facts sufficient to sustain any of the causes of action. No amount of amendment will be able to link NC's actions related to her medical treatment to conspiracy to violate antitrust laws, keep her from practicing law, or violate her civil rights.

## IV.    CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED granting** Neurology Consultants of Arizona's Motion to Dismiss (Doc. 68). Counts three, four, five, seven, eight, and nine will be dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the clerk of the court to enter judgment in accordance with this Order and dismiss Neurology Consultants of Arizona from this case.

Dated this 23rd day of August, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge